UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

HARBANS GERA, ANKIT GERA, SUNITA GERA,
and AMIT GERA in his capacity as Trustee for THE
GERA 2021 FAMILY TRUST, PERFUME NETWORK
INC. and HAASNY, LLC,

                  Plaintiff,                                  **MEMORANDUM AND ORDER**
                                                                   23-cv-05573 (OEM) (LB)

          -against-

JOLLY LUTHRA, NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION, NYLIFE
SECURITIES LLC, TELEWORLD NY LLC,
JASMINE NARANG, JAIDEEP NARANG, AND
LUTHRA FINANCIAL LLC.,

                  Defendants.
------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

On July 24, 2024, plaintiffs Harbas Gera, Ankit Gera, Sunita Gera, and Amit Gera as Trustee for The Gera 2021 Family Trust (collectively, the "Geras"), Perfume Network Inc. ("Perfume Network"), and HAAS NY, LLC ("HAAS") (collectively, "Plaintiffs") brought suit against defendants Jolly Luthra ("Luthra"), the New York Life Insurance and Annuity Corporation (the "NYLIAC"), NYLife Securities LLC ("NYLife"), Jasmine Narang ("Jasmine"), Jaideep Narang ("Jaideep," together with Jasmine the "Narangs"), Luthra Financial L.L.C. ("Luthra Financial"), and Teleworld NY LLC ("Teleworld") (collectively, "Defendants"). *See* Complaint, ECF 1.

Plaintiffs amended their complaint on August 28, 2023. *See* Amended Complaint ("Am. Compl."), ECF 8. Before the Court is a motion to dismiss filed by Luthra, Luthra Financial, and NYLife (collectively, the "Moving Defendants") on January 31, 2024. Memorandum in Support

1

of the Moving Defendants' Motion to Dismiss ("MOL"), ECF 23-1. For the reasons that follow, the Moving Defendants' motion to dismiss is granted, Plaintiffs' amended complaint is dismissed without prejudice, and Plaintiffs are granted 90 days' leave to file a second amended complaint.

## BACKGROUND

The Geras are residents of Suffolk County, New York. Am. Compl. at 3. The Geras allege that they met Inderjeet Signh ("Singh") at an unspecified date "within the Indian community" after seeing him at community events. *Id*. at 4. "Singh held himself out to be a sophisticated financial planner and methodically earned their trust." *Id*. Singh introduced the Geras to Luthra, who also allegedly "methodically gained their trust." *Id*. On or about January 13, 2021, Luthra recommended that the Geras transfer their investments "to the care and management of Singh and Lutrha through NYLife and Luthra Financial." *Id*. at 5.

On or about October 11, 2022, Singh and Luthra convinced the Geras to invest in a NYLife variable annuity, despite 'knowing' that the annuities were "actually more expensive in management fees and unsuitable for the Geras" and that the statements made to the Geras were "inaccurate and misleading." *Id*. at 5-6. This purported "deception" led the Geras to incur tens of thousands of dollars in losses and taxable gains. *Id*. at 6.

Separately, Plaintiffs allege that Perfume Network and HAAS "entered into agreements with Singh to lend him more than $100,000." *Id*. at 12. "Singh breached the agreements by failing and refusing to pay back any of the money, despite repeated demands." *Id*. at 13. Plaintiffs also allege that Singh "rendered himself judgment proof by funneling his assets through Teleworld and fraudulently transferring assets to his family and the Narangs, in bad faith and for no consideration." *Id*.

## **DISCUSSION**

The Moving Defendants move to dismiss Plaintiffs' complaint, among other things, for failure to join Singh as a necessary and indispensable party under F.R.C.P. 19.  MOL at 6.  In determining whether to dismiss an action for failure to join an indispensable party under Rule 19, a two-step test is required.  "First, the court must determine whether an absent party belongs in the suit, *i.e.*, whether the party qualifies as a 'necessary party' party under Rule 19(a) ... If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b) [...] But where the court makes a threshold determination that a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons [...] the court must finally determine whether the party is 'indispensable.' If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)."  *Viacom International, Inc. v. Kearney*, 212 F.3d 721, 724–25 (2nd Cir. 2000).

### A.  **Singh is a Necessary Party**

"The first prong of the test considers the requirements of when a party is 'necessary' to an action.  In order to determine if a party is 'necessary,' the Court must determine whether: (1) complete relief can be granted to the present parties; or (2) if the third party claims an interest in the disposition of the current proceedings, and that interest would be impaired if he were not a party to the present action, or the present parties would be subject to future liability because of the failure to join the third party."  *Fanbrella, Inc. v. EDT Prod., Inc.*, 185 F.R.D. 144, 147–48 (E.D.N.Y. 1999).

Here, Singh is a necessary party pursuant to both steps of this test.  Complete relief cannot be granted to the present parties in the absence of Singh: Plaintiffs' amended complaint either

seeks damages on behalf of Singh or seeks damages against him,[1] and bring claims entirely resulting from Singh's actions.[2] It is difficult to imagine how complete relief as to these claims could be granted without Singh's involvement, particularly given Plaintiffs' puzzling assertion that "Singh [has] been damaged in an amount to be determined at trial." Am. Compl. at 13.

Singh also claims an interest in the disposition of the current proceedings that would be impaired if he were not a party to the present action. Plaintiffs' allegations are riddled with undifferentiated claims about the joint actions of Singh and Luthra, which Plaintiffs ask the Court to declare as, *inter alia*, securities fraud and breach of fiduciary duty. *See id*. at 5-12. If the Court were to, for example, find in favor of Plaintiffs' breach of fiduciary duty claim, it would have found that "Singh and Luthra engaged in a course of conduct with plaintiffs so that they created a heightened duty of trust" and that "Singh and Luthra breached that duty by intentionally deceiving the Geras." *Id*. at 12. Finding in favor of Plaintiffs would serve in essence as a judgment against Singh, in which he had no opportunity to appear in his own defense. Further, Plaintiffs allege a breach of a contract which Singh was a party, rendering him a necessary party.

"It is well established that a party to a contract which is the subject of the litigation is considered a 'necessary' party." *Sunset Homeowners Assn., Inc. v. DiFrancesco*, 386 F. Supp. 3d 299, 304 (W.D.N.Y. 2019); *see also ADYB Engineered for Life, Inc. v. Edan Admin. Servs. Ltd.*, 1:19- CV-7800-MKV, 2021 WL 1177532, at *5 (S.D.N.Y. Mar. 29, 2021) ("Generally, a party to a contract that is the subject of the litigation is a necessary party."); *Mazzio v. Kane*, 14-CV-616 (ARR) (MDG), 2014 WL 2866040, at *7 (E.D.N.Y. June 24, 2014) ("[A] party to a contract at

---

[1] In Plaintiffs' amended complaint, they state that "Perfume Network and Singh have been damaged in an amount to be determined at trial" by Singh's purported breach of contract and unjust enrichment. Am. Compl. at 13. The Court finds that the inclusion of Singh as a party owed damages is likely an error, and that Plaintiffs likely meant to seek damages from Singh rather than seeking damages owed to Singh.

[2] For example, Plaintiffs allege as a tenth cause of action that "Singh caused the assets of himself or Teleworld to transfer to the Narangs with actual intent to hinder, delay, or defraud the plaintiffs, creditors to Singh, when the transfers occurred." Am. Compl. at 14.

4

issue 'is the paradigm of an indispensable party.'"). Accordingly, Singh is a necessary party to this action.

### B. Singh Cannot be Joined

"If the Court determines that the particular party is "necessary," it will order that party joined—if feasible." *Fanbrella, Inc. v. EDT Prod., Inc.*, 185 F.R.D. 144, 148 (E.D.N.Y. 1999). Here, however, Plaintiff alleges that "Singh filed for bankruptcy on February 24, 2023 and therefore is not a named defendant in this action." Am. Compl. at 1 n.1. The parties appear to concede that Singh cannot be joined in this action due to these alleged bankruptcy proceedings. S*ee generally* MOL; Plaintiff's Memorandum of Law in Opposition ("Opp."), ECF 23. This concession appears consistent with the automatic stay of judicial proceedings for bankruptcy proceedings, which "prevents the commencement or continuation, after a bankruptcy petition has been filed, of lawsuits and proceedings to recover a claim against the debtor that arose before the filing of the petition." *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 516 (2d Cir. 1998). Accordingly, the Court finds that based on the allegations currently before the Court Singh cannot be joined as a party to this action.

### C. Singh is an Indispensable Party

"If a party is deemed necessary, but is unable to be joined, the Court will look to [Rule 19](b) to decide whether dismissal is appropriate." *Fanbrella, Inc. v. EDT Prod., Inc.*, 185 F.R.D. 144, 148 (E.D.N.Y. 1999). "In so determining, the Court must consider: [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment

rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Id*.

Here, a judgment rendered in Singh's absence would undoubtedly be prejudicial to him: due to Plaintiffs' allegation that Singh and Luthra jointly engaged in each of the acts underlying several of their claims, a judgment in favor of Plaintiffs would in essence declare that Singh had violated securities laws, insurance laws, and more, serving in essence as a judgment against him. The Court could do little to protect against this impact, as Plaintiffs have pled an undifferentiated course of conduct that applies identically to Singh and Luthra alike.

In determining whether a judgment entered against Singh would be adequate, the Court looks to whether a judgment would prevent "piecemeal litigation." *Kermanshah v. Kermanshah*, 08-CV-409(BSJ)(AJP), 2010 WL 1904135, at *4 (S.D.N.Y. May 11, 2010) ("A judgment rendered in either Plaintiff's or Defendants' favor would not be adequate. Such judgment would not prevent piecemeal litigation as Plaintiff would likely litigate his claims against Abbas in state court in order to obtain complete relief. There is no reason for multiple courts to waste taxed resources by making the same determination."). Here, on the meager facts alleged in Plaintiffs' complaint concerning Singh's bankruptcy proceedings—which they identify as the sole reason they have not yet brought suit against him—it seems likely that any judgment in this action would be followed by a nearly identical suit against Singh after the expiry of the automatic bankruptcy stay. As such, the risk of piecemeal litigation in proceeding with this action appears high.

Lastly, the Court finds that Plaintiffs will likely have an adequate remedy if their complaint is dismissed for nonjoinder. As an initial matter, Plaintiffs only allege that "Singh filed for bankruptcy on February 24, 2023." Am. Compl. at 1 n.1. Accordingly, it appears from Plaintiffs' allegations that Singh could be a valid defendant once the bankruptcy proceedings conclude.

6

Given that the Court dismisses Plaintiffs' complaint without prejudice, and with leave to amend, the Court finds that Plaintiffs have ample opportunities to pursue their claims either by bringing a new complaint naming Singh, should the automatic bankruptcy stay expire, or bringing more particularized allegations and claims against Defendants that do not so heavily implicate Singh's interests.  Accordingly, the Court finds that Singh is an indispensable and required party and finds that dismissal of Plaintiffs' complaint without prejudice and with leave to amend is justified.

## CONCLUSION

For the reasons set forth above, the Moving Defendants' motion to dismiss is granted. Plaintiffs' complaint is dismissed without prejudice and with leave to file a second amended complaint within 90 days.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　ORELIA E. MERCHANT
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: Brooklyn, New York
　　　　August 16, 2024