UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SUNITA GERA, Executor of the Estate of Harbans Gera;
ANKIT GERA; SUNITA GERA; AMIT GERA in his
capacity as Trustee for THE GERA 2021 FAMILY
TRUST; and ROSHAN GERA, in his capacity as
Trustee for THE GERA 2000 FAMILY TRUST,

                 Plaintiffs,

         -against-

JOLLY LUTHRA; NEW YORK LIFE INSURANCE
AND ANNUITY CORPORATION; NYLIFE
SECURITIES LLC; and LUTHRA FINANCIAL LLC,

                 Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-05573 (OEM) (SDE)

ORELIA E. MERCHANT, United States District Judge:

Plaintiffs Harbans Gera,[1] Sunita Gera, Amit Gera, in his capacity as Trustee for the Gera 2021 Family Trust, and Roshan Gera, in his capacity as Trustee for the Gera 2000 Family Trust ("Plaintiffs") move for reconsideration of this Court's October 1, 2025, Memorandum and Order, Dkt. 65 ("Order"), granting Jolly Luthra ("Luthra"), New York Life Insurance and Annuity Corporation, NYLIFE Securities LLC (New York Life Insurance and Annuity Corporation and NYLIFE Securities LLC collectively "NY Life"), and Luthra Financial LLC's ("Luthra Financial") (Luthra, NY Life, and Luthra Financial collectively "Defendants") motion to dismiss.[2]

In the Order, the Court granted Defendants' motion to dismiss Plaintiffs' second amended complaint. *See* Second Amended Complaint, Dkt. 50 ("Second Amended Complaint" or "SAC");

---

[1] On February 19, 2026, the Court granted Plaintiffs' motion to substitute Harbans Gera with Sunita Gera as the executor of his estate and that the case caption be amended accordingly. *See* Order, dated Feb. 19, 2026.

[2] Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration at 3-10, Dkt. 67 ("Motion" or "Mot."); Memorandum of Law in Opposition to Plaintiffs' Motion for Reconsideration, Dkt. 69 ("Opposition" or "Opp'n"); Reply Memorandum of Law in Further Support of Plaintiffs' Motion for Reconsideration, Dkt. 70 ("Reply").

*see generally* Order.  Specifically, the Court dismissed Plaintiffs' securities fraud claims arising under the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ("Section 10(b)") and its implementing regulation, 17 C.F.R. § 240.10b-5 ("Rule 10b-5") for failure to satisfy the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").  Order at 5-16; *see* Memorandum of Law in Support of Motion to Dismiss Second Amended Complaint on Behalf of Defendants, Jolly Luthra, New York Life Insurance and Annuity Corporation, NYLIFE Securities LLC, and Luthra Financial LLC, Dkt. 58-1 ("Second Motion to Dismiss").  Plaintiffs argue that reconsideration is warranted for two reasons: (1) the Court "inadvertently overlooked" Plaintiffs' request for leave and (2) the Court erred by not granting Plaintiffs at least one opportunity to plead securities fraud with more specificity.  Mot. at 8-10.[3]  Defendants counter that reconsideration is not warranted because the Court (1) did not overlook any law or evidence that would justify reconsideration because it considered Plaintiffs' request to amend and (2) was not required to grant leave.  Opp'n at 7-9.  Defendants further argue that granting Plaintiff leave to amend would be futile.  *Id.* at 9-12.

For the following reasons, Plaintiffs' Motion is granted in part and denied in part.

## LEGAL STANDARD

Local Civil Rule 6.3 permits reconsideration only if "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  "The standard for granting

---

[3] Citations to the Motion refer to the automatically generated ECF pagination.

a motion for reconsideration is strict and the decision on such a motion is 'within the sound discretion of the district court.'" *Segatt v. GSI Holding Corp.*, 07 Civ. 11413(WHP), 2008 WL 4865033, at *3 (S.D.N.Y. Nov. 3, 2008) (quoting *Colodney v. Continuum Health Partners, Inc.*, 03 Civ. 7276(DLC), 2004 WL 1857568, at *1 (S.D.N.Y. Aug. 18, 2004)).

## DISCUSSION

The Court assumes the parties' familiarity with the facts and procedural history as detailed in the previous submissions and as set forth in the Order. *See generally* Order. The Court first addresses whether it should reconsider its decision to deny Plaintiffs leave to amend the Second Amended Complaint and then addresses whether granting Plaintiff leave to amend would be futile such that reconsideration is not warranted.

### A. Reconsideration

#### 1. Plaintiffs' Alternative Request for Leave to Amend

Plaintiffs argue that the Court "inadvertently overlooked" Plaintiffs' request for leave to amend the Second Amended Complaint when resolving Defendants' Second Motion to Dismiss because it was not discussed in the Court's Order. Mot. at 8. Defendants argue that even though the Order "did not specifically address Plaintiffs' request for leave to amend, the absence of discussion is not a basis for reconsideration." Opp'n at 7.

The Court did not overlook Plaintiff's alternative request for leave to amend because it did not have to rule on the request. "It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 614 (2d Cir. 2020) (quoting *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir. 2006), *abrogated on other grounds by FTC v. Actavis, Inc.*, 570 U.S. 136 (2013)) (noting that the plaintiffs "sought leave to amend only in the final sentence of their opposition to the motion to dismiss and at no

3

point offered any new factual allegations that they would make if granted leave to amend.”). Plaintiffs only requested leave to amend in the alternative and informally.  In their opposition to Defendants' Second Motion to Dismiss, Plaintiffs argued that they plead fraud with the required specificity but alternatively requested leave to amend their securities fraud claim "if the Court determines that Plaintiffs have not plead fraud with the required specificity." *See* Memorandum of Law in Opposition to Defendants' Motion to Dismiss Second Amended Complaint at 14, Dkt. 60.  Plaintiffs did not otherwise move to amend their Second Amended Complaint, provide any proposed amendments, or explain how an amendment would cure the deficiencies.  *See Doe v. Syracuse Univ.*, 22-2674, 2023 WL 7391653, at *3 (2d Cir. Nov. 8, 2023) (acknowledging that the district court has discretion to deny a request for leave to amend that is conclusory and does not specify what additional factual allegations it would include if leave were granted, or how an amended complaint would cure the deficiencies); *see also WC Cap. Mgmt. v. UBS Sec., LLC*, 711 F.3d 322, 334 (2d Cir. 2013).  Thus, the Court did not overlook Plaintiffs' request even though it did not address it in the Order.

Accordingly, the Court's decision not to address Plaintiffs' motion for leave in the Order is not a basis to grant reconsideration.

## 2. Dismissal Without Leave to Amend

Plaintiffs argue that they were not previously put on notice of the defects in their securities fraud claim and were therefore not given the opportunity to amend their securities fraud claim. Mot. at 9-10.  Defendants respond that Plaintiffs were granted two opportunities to amend their complaint, including the Court's August 16, 2024, Order, which they argue granted Plaintiffs "the opportunity to amend their securities fraud allegations to be more specific."  Opp'n at 8-9.

"District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)." *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493

4

F.3d 87, 108 (2d Cir. 2007) (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986)); *Acito v. IMCERA Grp. Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) ("Leave to amend should be freely granted, especially where dismissal of the complaint was based on Rule 9(b)."); *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271 (2d Cir. 1996); *see also In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 397 (S.D.N.Y. 2003) ("This policy is especially appropriate in the context of claims dismissed under Rule 9(b) because the law favors resolving disputes on their merits.").

Here, Plaintiffs amended their complaint twice. The first time, Plaintiffs amended their complaint as of right, asserting identical allegations of securities fraud violations. *Compare* Complaint ¶¶ 29-45, Dkt. 1 ("Complaint" or "Compl.")*, with* Amended Complaint ¶¶ 29-45, Dkt. 8 ("First Amended Complaint" or "FAC"). Then, the Court granted Defendants' first motion to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(b) and granted Plaintiffs leave to amend to file a second amended complaint. *See* Memorandum and Order, Dkt. 48 ("August 16, 2024 Order"). Specifically, the Court dismissed the First Amended Complaint "without prejudice, and with leave to amend" finding that "Plaintiffs have ample opportunities to pursue their claims either by bringing a new complaint naming Singh, should the automatic bankruptcy stay expire, or bringing more particularized allegations and claims against Defendants that do not so heavily implicated Singh's interests." *Id.* at 7. Plaintiffs' Second Amended Complaint asserted similar allegations of securities fraud violations. *Compare* FAC ¶¶ 29-45*, with* SAC ¶¶ 42-57. They did not update the paragraph alleging Luthra's scienter and maintained that "Luthra falsely represented to Amit Gera that investing the funds in annuities was 'better,' yet failed to provide any explanation to support his claim." *Compare* SAC ¶ 46*, with* FAC ¶ 33*, and* Compl. ¶ 33. While the August 16, 2024 Order did provide Plaintiffs with a second opportunity to assert more particularized claims against all Defendants, the August 16, 2024 Order

did not specifically put Plaintiffs on notice of deficiencies in their securities fraud claim. See *Luce*, 802 F.2d at 57 (acknowledging that "plaintiffs must be allowed an opportunity to amend to remedy deficiencies under Rule 9(b)"). Accordingly, Plaintiffs should be provided leave to amend so long as amendment would not be futile.

### B. Futility

Defendants argue that "Plaintiffs should not be permitted leave to file a third amended complaint because any amendment would be futile" for three reasons: (1) the Court's findings that the alleged misrepresentations were "puffery" and that Plaintiffs failed to allege scienter precludes a plausible claim of a Rule 10b-5 violation; (2) "Plaintiffs have failed to allege any new facts or legal theories which they would add to a third amended complaint in order to correct these deficiencies"; and (3) "significant discovery" had occurred before Plaintiffs filed the Second Amended Complaint. Opp'n at 9-11. The Court takes each argument in turn.

There are two instances in which granting leave to replead in a securities fraud claim may be inappropriate: (1) "where a claim is dismissed as a matter of law because it fails to state a claim, repleading would be 'futile'" and (2) "where leave to amend or replead has been repeatedly granted." *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d at 397 (quoting *Lucente v. Int'l Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)); *see Acito*, 47 F.3d at 55 ("One good reason to deny leave to amend is when such leave would be futile.").[4]

---

[4] The Court notes that at no point have Plaintiffs formally moved to amend the Second Amended Complaint. Nonetheless, the Court addresses whether amendment would be futile. *See, e.g.*, *Segatt*, 2008 WL 4865033, at *3-5 (analyzing for futility where the plaintiff simultaneously moved for reconsideration for failure to grant the plaintiff leave to amend his securities fraud claim and to amend the complaint); *Patel v. Koninklijke Philips N.V.*, 21-cv-4606 (ERK) (MMH), 2024 WL 4265758, at *16 (E.D.N.Y. Sep. 23, 2024) (analyzing for futility where the plaintiff moved to amend in their opposition to the motion to dismiss).

### 1. Securities Fraud Elements

#### a. Misrepresentation

Defendants argue that amendment would be futile because the Court concluded "that the statements relied upon in the [Second Amended Complaint] to support the securities fraud violations were nothing more than puffery, which are not actionable under Section 10(b) and Rule 10b-5." Opp'n at 10. Plaintiffs do not respond to this argument. *See generally* Reply.

Defendants rely on *Steamfitters' Industry Pension Fund v. Endo International PLC*, to argue that amendment would be futile because the Court has already found that Plaintiffs' misrepresentation claims are puffery. 771 F. App'x 494 (2d Cir. 2019); Opp'n at 10. That case is inapposite. There, the Second Circuit affirmed the district court's holding that the plaintiff's proposed amended complaint did not plausibly allege that the defendant made any material misrepresentations subject to the heightened pleading requirements of the PSLRA and Rule 9(b) and thus, amendment would be futile. *Id.* at 496-98. In that case, the Second Circuit had the benefit of the proposed amended complaint to determine futility. *See id.* at 497-98 (analyzing the allegations in the proposed complaint and concluding that the "the district court correctly held that amendment would be futile" because the "proposed fourth amended complaint fails to plausibly allege that Defendants made any material misrepresentations"); *but see Patel v. Koninklijke Philips N.V.*, 21-cv-4606 (ERK) (MMH), 2024 WL 4265758, at *16 (E.D.N.Y. Sep. 23, 2024) (denying leave to amend without previously granting leave to amend after finding the plaintiffs' misrepresentation allegations in the amended complaint were "puffery" and could not survive a subsequent motion to dismiss because they were "wholly lacking").

Here, the Court dismissed Plaintiffs' Section 10(b) and Rule 10b-5 claim for failure to allege a material misrepresentation because Plaintiffs' allegation that Luthra falsely represented that "investing the funds in annuities was 'better'" was puffery. Order at 7-8 (quoting SAC ¶ 46).

The Court maintains that this statement is not a basis for misrepresentation. *See Patel*, 2024 WL 4265758, at *14-16, (finding the defendant's alleged misstatements were "not actionable because they are puffery"). However, the Court is sensitive to the possibility that Plaintiffs could plead misrepresentation with more specificity in an amended complaint. Without the benefit of a proposed amended complaint, the Court cannot reach the same conclusion of futility as the *Steamfitters'* court. *Cf. Aniero Concrete Co., Inc. v. N.Y.C. Constr. Auth.*, 94 Civ. 9111 & 95 Civ. 35061997, 1997 WL 3268, at *12-14 (S.D.N.Y. Jan. 3, 1997) (finding leave to amend would not be futile because the plaintiff might be able to cite "specific representations made" to meet the elements of the claim and so that the plaintiff could specify the fraudulent conduct "with greater precision").

### b. Scienter

Defendnats argue that Plaintiffs "had multiple opportunities to . . . plead facts sufficient to show scienter" and their failure to do so, noted in the Order, shows that repleading would be futile. Opp'n at 10. Plaintiffs do not respond to this argument. *See generally* Reply.

In support, Defendants cite to *In re PXRE Group, Ltd., Securities Litigation*, 600 F. Supp. 2d 510, 533 (S.D.N.Y. 2009), *aff'd sub nom. Condra v. PXRE Group Ltd.*, 357 F. App'x 393 (2d Cir. 2009). Opp'n at 10. However, the court there concluded that the Plaintiff did not plausibly allege scienter thereby deeming their amendment futile based on its review of the Plaintiff's proposed second amended complaint. *In re PXRE Grp.*, 600 F. Supp. 2d at 525, 529-30.

Here again, the Court has not had the benefit of reviewing Plaintiffs' proposed amendments to confirm whether they plausibly allege scienter or that amendment is futile. If a claim of scienter is dismissed for failure to plead with the requisite particularity and the plaintiff has not proposed an amended complaint, repleading, not futility, is favored. *See In re Initial Pub. Offering Sec.*

8

*Litig.*, 241 F. Supp. 2d at 399 (denying the plaintiffs leave to replead claims that failed as a matter of law because of futility but granting the plaintiffs leave to replead their Rule 10b-5 claims that were dismissed for failure to plead scienter with the requisite specificity); *but see Patel*, 2024 WL 4265758, at *16 (denying leave to amend based on futility without previously granting leave to amend because the plaintiffs' allegations of scienter in the amended complaint could not survive a subsequent motion to dismiss because they were "wholly lacking")..

Defendants argue that "the issues with Plaintiffs' allegations are substantive and better pleading will not cure these substantive defects." Opp'n at 11. The Court is cautious as to whether any amendments to Plaintiffs' allegations of Luthra's misstatements or scienter could survive a subsequent motion to dismiss. The Court dismissed Plaintiff's securities fraud claim for failure to allege facts showing either that Luthra had the motive and opportunity to commit fraud or strong circumstantial evidence of conscious misbehavior or recklessness. Order at 12-15. The fact that Luthra stood to gain a commission, standing alone, was insufficient to permit a strong inference of fraudulent intent and Plaintiffs did not provide anything more than conclusory statements to show evidence of misbehavior or recklessness. *Id.* In *Patel*, the court held the opportunity to replead the defendant's scienter was futile because there was no plausibility to the defendant's knowledge of the alleged misrepresentation. 2024 WL 4265758, at *8, 16. Here, there is a possibility that Plaintiffs may be able to point to other evidence of Luthra's motive or plead more than conclusory statements of misbehavior or recklessness.

Accordingly, the deficiencies in Plaintiffs' pleading of misrepresentation and scienter noted in the Order do not foreclose the possibility, even if remote, that Plaintiffs can amend the complaint to shore up the deficiencies.

### 2. Failure to Allege New Facts

Defendants also argue that amendment would be futile because "Plaintiffs have failed to allege any new facts or legal theories" that would correct the deficiencies identified in the Court's Order. Opp'n at 11. Plaintiffs respond that they "seek to add the specificity the Court found lacking" but do not offer any explanation of what specifics they would add. Reply at 7.

In support of their argument, Defendants cite to *Attestor Value Master Fund v. Republic of Argentina*, but it is distinguishable. 940 F.3d 825 (per curiam) (2d Cir. 2019); Opp'n at 11. There, the Second Circuit held that the district court did not abuse its discretion by denying the plaintiffs leave to amend based on futility because the plaintiffs did not "offer[] specific changes they could make to their [a]mended [c]omplaint to cure its deficiencies." *Attestor Value*, 940 F.3d at 833. Crucially, though, the district court dismissed the action pursuant to Federal Rule of Civil Procedure 12 ("Rule 12"), not Rule 9(b). *See Arag-A Ltd. v. Rep. of Arg.*, 178 F. Supp. 3d 192, 203-04 (S.D.N.Y. 2016). Here, Plaintiffs' allegations of security fraud are governed by the pleading requirements of 9(b), not the notice-pleading standard of Federal Rule of Civil Procedure 8 ("Rule 8"), which applies to dismissals under Rule 12. *See Lesavoy v. Gattullo-Wilson*, 170 F. App'x 721, 723 (2d Cir. 2006) (acknowledging that the district court gave the plaintiff leave to amend to plead the claims of false statements with greater particularity pursuant to Rule 9(b) but the allegation of breach of fiduciary duty was governed under Rule 8).

The Court is mindful that Plaintiffs have not proposed an amended complaint, presented an alternate theory of scienter, or provided the Court with any indication of what additional facts they may plead to correct the deficiencies. *Contrast* Reply at 7 ("Plaintiffs aim merely to incorporate the precise details the Court has now flagged as essential."), *and* Mot. at 10 (requesting reconsideration to "replead the securities fraud claim in response to a substantive ruling on the claim's merits"), *and* Memorandum of Law in Opposition to Defendants' Motion to Dismiss

10

Second Amended Complaint at 14, Dkt. 60 ("Nevertheless, if the Court determines that Plaintiffs have not plead fraud with the required specificity, they should be granted leave to do so."), *with In re Garrett Motion Inc. Sec. Litig.*, 20 Civ. 7992 (JPC), 2022 WL 976269, at \*19 (S.D.N.Y. Mar. 31, 2022) (granting the plaintiffs leave to amend because they represented that they had an alternate theory of scienter and because it was the first time the court had ruled on whether the plaintiffs had deficiencies in their pleadings). The Court is also wary as to whether Plaintiffs can remedy the deficiencies noted in its Order. However, the Court also recognizes that it is common practice to give the plaintiff at least one opportunity to amend to provide the required specificity required by Rule 9(b). *See Schiro v. Cemex, S.A.B. de C.V.*, 396 F. Supp. 3d 283, 309 (S.D.N.Y. 2019) (quoting *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017) ("While Plaintiffs have not specified how they would amend their pleading if granted leave to do so, the Second Circuit has admonished district courts that '[c]omplaints dismissed under Rule 9(b) are "almost always" dismissed with leave to amend.'").

Accordingly, Plaintiffs' failure allege new facts is not a basis to deny leave to amend based on futility.

### 3. Discovery

Finally, Defendants argue that "significant discovery" had "occurred even before Plaintiffs filed the [Second Amended Complaint]" and "[i]f Plaintiffs possessed sufficient information to show that an actionable misrepresentation existed under Section 10 or Rule 10b-5, then Plaintiffs had ample opportunity to plead such misrepresentation with particularity." Opp'n at 11. Plaintiffs counter that discovery evidence remains "outside the scope of review" at the motion to dismiss stage and, even so, courts have permitted parties "to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims." Reply at 5-6.

11

Leave to amend may be futile even without first being granted leave to amend if a plaintiff has "had ample opportunity" to collect facts and obtain discovery to allege scienter. *Chill*, 101 F.3d at 371-72 (affirming the district court's denial of leave to amend for failure to successfully plead scienter because the "[p]laintiffs had ample opportunity" to conduct discovery); *see also Luce*, 802 F.2d at 56 ("In cases where such leave has not been granted, plaintiffs have usually already had one opportunity to plead fraud with greater specificity . . . or the defective allegations were made after full discovery in a related case." (citations omitted)).

Plaintiffs' assertion that discovery is outside the scope of the Court's review on the Second Motion to Dismiss forgoes the argument that, through discovery, Plaintiffs may have had access to information that could have better informed their pleading of the Amended Complaint. *See Billard v. Rockwell Int'l. Corp.*, 683 F.2d 51, 57 (2d Cir. 1982) (affirming the district court's dismissal of the complaint and explaining that, despite having access to full discovery, the plaintiffs failed to produce any supporting detail for their general allegation of fraud). Nonetheless, Plaintiffs did not have access to full discovery and there is little evidence that they had ample opportunity for discovery. Instead, partial discovery was taken: the parties were engaged in discovery up until the filing of the Second Motion to Dismiss, *see* Order, dated Apr. 16, 2024; Order, dated May 28, 2024; Order, dated July 11, 2024, and they represented at the June 5, 2025, hearing that Defendants had taken two depositions but Plaintiffs did not depose any Defendants, *see* Letter from Plaintiffs to the Court (June 20, 2025), Dkt. 64. The circumstances here are different from the plaintiffs in *Chill* who had the benefit of "ample opportunity to collect the facts concerning [the] trading scheme in order to attempt to show scienter," had the report used as the basis for their fraud claims to review in drafting their amended complaint, and obtained discovery after filing their amended complaint and used the results from that discovery in

responding to the motion to dismiss to inform their amended complaint and motion to dismiss briefing. 101 F.3d at 371-72. Because Plaintiffs hadn't conducted depositions, *see* Letter from Plaintiffs to the Court (June 20, 2025) at 1, Dkt. 64, and discovery was not closed, the Court is not satisfied that "full discovery" has taken place or that Plaintiffs had "ample opportunity" to conduct discovery and collect sufficient facts to plead scienter in their Amended Complaint without the benefit of the Court's Order identifying their deficiencies.

Accordingly, the fact that discovery had taken place prior to Plaintiffs filing the Amended Complaint is not a basis to deny leave to amend based on futility.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is granted in part and denied in part. Plaintiffs' Motion for Reconsideration is granted to the extent that they seek reconsideration of the Court's dismissal of the Second Amended Complaint without the opportunity to replead and potentially cure the deficiencies identified in their securities fraud claim. Although skeptical that the flaws in the Second Amended Complaint can be remedied, the Court will allow Plaintiff to propose an amended pleading.

By May 29, 2026, Plaintiffs shall file a proposed third amended complaint. Plaintiffs shall comply with Federal Rule of Civil Procedure 15, Local Civil Rule 7.1(e), and the Court's Individual Practices and Rules, including by attaching a redlined comparison of the operative pleading and the proposed amended pleading and an explanation of why the additional facts cure

13

the pleading's defects.  By June 29, 2026, Defendants shall file their opposition, if any, to the proposed third amended complaint.

SO ORDERED.

                                         _/s/_____

                                         ORELIA E. MERCHANT
                                         United States District Judge

April 30, 2026
Brooklyn, New York